UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEQUAN B. THOMAS,

      Plaintiff/Counter-Defendant,

v.                                                   Civil Case No. 14-11441
                                                      Honorable Linda V. Parker

ARMED FORCES INSURANCE
EXCHANGE,

      Defendant/Counter-Plaintiff,
_____/

## OPINION AND ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO SET ASIDE DEFAULT

DeQuan Thomas ("Thomas") initiated this lawsuit against Armed Forces Insurance Exchange ("AFIE") in the Circuit Court for Wayne County, Michigan, on or about March 19, 2014.  AFIE removed Thomas' Complaint to this Court asserting diversity jurisdiction on April 9, 2014.  On the same date, AFIE filed a Counter-Complaint against Thomas.  When Thomas failed to timely respond to AFIE's Counter-Complaint, AFIE sought a Clerk's Entry of Default, which was entered on January 26, 2015.  Presently before the Court is Thomas' motion to set aside the Clerk's Entry of Default, filed February 4, 2015.  In the motion, Thomas' counsel represents that due to his "method of practice", he was unaware of and failed to address the Counter-Complaint.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

The Sixth Circuit Court of Appeals has instructed district courts to employ a "lenient standard" when evaluating a request to set aside a default that has not yet ripened into a judgment. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). The court advised that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id*. at 194. Moreover, because federal courts favor trials on the merits, doubts should be resolved in favor of setting aside a default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). Applying this standard, the Court finds good cause to set aside the default entered against Thomas.

Accordingly,

**IT IS ORDERED**, that Counter-Defendant DeQuan Thomas' Motion to Set Aside Default (ECF No. 18) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 5, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 5, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager